IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID PAUL HAMMER and JEFFERY WILLIAM PAUL<br><br>    Plaintiffs,<br><br><br>    vs.<br><br><br>WALTER HORODYSKI<br><br>    Defendant, | MEMORANDUM DECISION AND ORDER DENYING RULE 60(b) MOTION<br><br><br><br><br><br>Case No. 2:02-CV-1032 DB |

On April 27, 2007, plaintiffs David Paul Hammer and Jeffery William Paul filed a motion pursuant to Fed. R. Civ. P. 60(b), seeking relief from this Court's July 13, 2005 order of dismissal. On May 10, 2007, defendant Walter Horodyski filed a memorandum opposing plaintiffs' motion. As the time for plaintiffs to file a reply has expired, the Court now issues the following Memorandum Decision and Order.

Plaintiffs claim the defendant "has committed a fraud upon this court and the plaintiffs by making misrepresentation [sic] about his willingness to adhere to the conditions set forth in the Settlement Agreement" and that "the defendant has steadfastly refused to comply with his obligations." Pls.' Mot. at 2. Plaintiffs specifically rely on Fed. R. Civ. P. 60(b) (1) "mistake, inadvertence, surprise, or excusable neglect," and (3) "fraud (whether heretofore denominated

intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party," as bases for their requested relief.

A motion pursuant to Rule 60(b) "shall be made within a reasonable time," and for motions based on subsections (1) and (3), such as plaintiffs' motion in this case, "not more than one year after the judgment, order, or proceeding was entered or taken." Id.  The order from which plaintiffs seek relief was entered by the Court on July 13, 2005, well beyond the one-year limitations period provided in Rule 60(b).  And, plaintiffs explicitly acknowledge that more than a year has elapsed since the Court's order was entered.  See Pls.' Mot. at 2 (providing "some twenty-one months later [defendant] still has not complied with the provisions of the Settlement Agreement").  The Advisory Committee Notes to Rule 60(b) provide: "If the right to make a motion is lost by the expiration of time limits fixed in these rules, the only other procedural remedy is by a new or independent action . . . ."  For the foregoing reasons, plaintiffs' Rule 60(b) motion is DENIED on the ground that it is untimely.

IT IS SO ORDERED.

Dated this 12th day of July, 2007.

_____
Dee Benson
United States District Court Judge